1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11  STEVEN MALCOLM HUNTER,            Case No. 2:20-cv-05121-JAK (SHK)
12                        Petitioner,
13
14                v.                  **ORDER DISMISSING PETITION
                                      AND DOCUMENT TITLED
15  FELIPE MARTINEZ, JR., Warden,     "'EMERGENCY' PETITION FOR
                                      [ILLEGIBLE] WRIT OF
16                        Respondent. MANDAMUS" WITHOUT
                                      PREJUDICE**
17

18

19       For the reasons set forth below, Steven Malcolm Hunter's ("Petitioner's")

20  Petition for relief pursuant to 28 U.S.C. § 2241 ("§ 2241") and the initial filing

21  titled "'Emergency' Petition for [illegible] Writ of Mandamus" is **DISMISSED**

22  **WITHOUT PREJUDICE**.

23                    **I.     BACKGROUND**

24       Petitioner is an inmate housed at United States Penitentiary ("USP")

25  Victorville following a sentence imposed by the Superior Court of the District of

26  Columbia.  Electronic Case Filing Number ("ECF No.") 1, Pet. at 3.  According to

27  the inmate locator at www.bog.gov, viewed on June 12, 2020, Petitioner is

28  scheduled to be released on October 6, 2023.  On, what appears to be, June 5, 2020,

1   Petitioner signed a Petition, pursuant to § 2241, and the matter was filed on June 9,

2   2020 on this Court's docket.[1]

3        Petitioner has filed two other cases in this Court.  In the first matter, <u>Hunter</u>

4   <u>v. Warden</u>, Case No. 2:20-cv-04632-JAK (SHK), Petitioner is seeking to be

5   released on a "compassionate release" basis arising out of the COVID-19

6   epidemic.  This matter was ordered transferred to the sentencing court.  In the

7   second matter, <u>Hunter v. Martinez, Warden</u>, Case No. 2:20-cv-04993-JAK (SHK),

8   Petitioner is seeking relief related to a ruling by the United States Parole

9   Commission, and the Court ordered that the matter be served on the U.S.

10   Attorney's Office for a response.

11        In this matter, Petitioner provided several documents, one of which is a

12   Petition using the § 2241 form (Form No. CV-27 (05/18)), which allows for and, in

13   this Petition, contains handwritten descriptions of the relevant issues and relief

14   sought.  At points, however, it is very difficult to understand what is written

15   because of the handwriting.  However, as best as the Court can determine, in the

16   Petition using Form No. CV-27 (05/18), Petitioner raises the following four

17   grounds for relief related to one or several disciplinary hearings involving an assault

18   of which Petitioner appears to have been accused and adjudged:

19   • "The prison official denied [Petitioner] procedural due process at

20     [Petitioner's] disciplinary hearing."  ECF No. 1, Pet. at 3 (capitalization

21     normalized).  Specifically, Petitioner claims that procedural due process was

22     denied by neither allowing staff to be present during the hearing, nor

23     providing a videotape of the alleged assault, which would have shown that

24     Petitioner did not commit the assault.  <u>Id.</u>

25

26

27   ---

[1] Under the "mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a pleading to mail to
28   court, the court deems the pleading constructively "filed" on the date it is signed.  <u>Douglas v.</u>
     <u>Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009).

- "The prison official denied [Petitioner] procedural due process after the disciplinary hearing." Id. (capitalization normalized).  Specifically, Petitioner claims that Petitioner was not provided a copy of the ruling within the requisite time period such that Petitioner could appeal the ruling.  Id.
- "The prison officials denied [Petitioner] procedural due process at [Petitioner's] disciplinary hearing." Id. at 4 (capitalization normalized). Specifically, Petitioner claims that Petitioner was denied the opportunity to present and have the officials review "the video of the attempt[ed] assault." Id.
- "The prison official denied [Petitioner] procedural due process after the disciplinary hearing." Id. (capitalization normalized).  Specifically, Petitioner claims that Petitioner did not receive a copy of the decision such that Petitioner could not appeal the decision.  Id.

In the prayer of the Petition, Petitioner provided the following information, as best as can be read: "such as recommending that the prison (?) official expunge[] the two incident reports from my file." Id. at 5.

In addition to the Petition, Petitioner also included three handwritten pages, sent in the same envelope containing the Petition, and titled "'EMERGENCY' PETITION FOR [illegible] WRIT OF MANDAMUS" ("Mandamus Document") Id. at 6.  Based on the Court's review of the Mandamus Document, it appears to be a separate document from the Petition and, though titled "Emergency", does not appear to be seeking a temporary restraining order or preliminary injunction.  Nevertheless, for the reasons described below, such drastic relief is not appropriate, because the relief sought in the Mandamus Document is not cognizable under § 2241.

Specifically, in the Mandamus Document, Petitioner makes the following eleven requests for relief:

1.  "The warden to show cause as to why this Court shouldn't grant [P]etitioner matter for compassionate release." <u>Id.</u> at 6 (capitalization normalized).

2.  "The warden to provide [P]etitioner access to the law library on a daily bas[is].  Grant petition [illegible] several legal pleading [illegible] file [illegible] and of working on to file [sic]." <u>Id.</u> (capitalization normalized).

3.  "That the warden allow [P]etitioner to remain in single cell, as long as the COVID-19 pandemic is still [illegible]." <u>Id.</u> at 7. (capitalization normalized).

4.  "That the warden and related prison officials stop denying [P]etitioner a [illegible] assignment base[d] on racial discrimination." <u>Id.</u> (capitalization normalized).

5.  "That all staff and prison officials at USP Victorville be tested for the COVID-19.  Opposed to just having their temperature check[ed] for COVID-19." <u>Id.</u> (capitalization normalized).

6.  "That the warden order all cells to be searched for homemade weapons and drugs." <u>Id.</u> (capitalization normalized).

7.  "That the warden [illegible] the Court as [illegible] request for compassionate release submitted to the warden." <u>Id.</u> (capitalization normalized).

8.  "That the warden explain to the Court why [P]etitioner's email is restricted due to an [illegible] assignment without a computer when its charge was dismiss[ed]." <u>Id.</u> at 8 (capitalization normalized).

9.  "That the warden explain for the Court why [P]etitioner [illegible] of Greater (sp?) Security [illegible] been [illegible] where the incident report that was use[d] to place the [illegible] of Greater (sp?) Security [illegible] [P]etitioner have been expunged." <u>Id.</u> (capitalization normalized).

4

10. "That the BOP provide the Court a status report and all of the staff misconduct complaints  Petitioner [has] file[d] since February 1, 2020." Id. (capitalization normalized).

11. "That the [illegible] official [illegible] access to the [illegible]." Id. (capitalization normalized).

Finally, Petitioner is seeking a status report on the compassionate release request and two "blank 42 USC 1983 forms." Id. at 9.

## II.       DISCUSSION

### A.       The Compassionate Release Claims Are Duplicative Of The Claims In The Other Case Seeking Release On This Basis And Was Ordered Transferred To The Sentencing Court.

With respect to the grounds raised in the Mandamus Document relating to compassionate release (grounds one and seven), those claims are the subject of another lawsuit filed by Petitioner that has been ordered transferred to the sentencing court – the Superior Court of the District of Columbia.  Id. at 6, 7; see Hunter v. Warden, Case No. 2:20-cv-04632-JAK(SHK), ECF No. 3, Order Transferring Matter to the Superior Court for the District of Columbia (citing Bolden v. Ponce, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (collecting cases stating that § 3852 requires motions for compassionate relief to be filed in the sentencing court rather than the district in which the petitioner is currently confined)).

### B.       Section 2241 Does Not Allow For The Relief Sought In The Petition And The Remaining Grounds In The Mandamus Document.

The remaining grounds in the Mandamus Document are as follows: access to the law library (ground two), housing in a single cell until the COVID-19 danger has passed (ground three), unclear relief related to assignment based on racial discrimination (ground four), requiring staff to be tested for COVID-19 (ground

five), requiring the warden to search cells for drugs and weapons (ground six), requiring access to e-mail (ground eight), the explanation of the incident report (ground nine), requiring that the BOP provide a report of all staff misconduct since February 1, 2020 (ground 10), and the illegible grounding seeking access (ground eleven).  ECF No. 1, Pet. at 6-8.

                    1.       Legal Standards

Under § 2241, district courts have jurisdiction "to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'"  White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting 28 U.S.C. §§ 2241(a) and (c)(3)) overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).  "In general, habeas proceedings provide a forum in which to challenge the 'legality or duration' of a prisoner's confinement."  Bolden v. Ponce, No. 2:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *1 (C.D. Cal. May 1, 2020) (quoting Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("'[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . .'"); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) ("challenges [to] 'the manner in which [a] sentence was executed,' or to "the fact or duration of . . . confinement,'" are properly brought in § 2241 petition)).

"However, a challenge to conditions of confinement are generally brought pursuant to a civil rights statute, such as § 1983 or Bivens."  Wilson v. Ponce, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *9 (C.D. Cal. June 8, 2020) (citing Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance."); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting

its duration are the province of habeas corpus ...; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")).

Though "[a] divided en banc panel of the Ninth Circuit held that 'when a prisoner's claim would not ***necessarily*** spell speedier release, that claim does not lie at 'the core of habeas corpus[,]' . . . the Ninth Circuit observed that its ruling did not apply to federal prisoners [as] the Supreme Court had yet to address the issue and federal prisoners had resort to <u>Bivens</u>, not to § 1983." <u>Wilson</u>, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *9 (C.D. Cal. June 8, 2020) (emphasis in original) (citing <u>Nettles v. Grounds</u>, 830 F.3d 922, 930, 931 n.6 (9th Cir. 2016)). Moreover, "[w]hile general practice has counseled against it, the Supreme Court has not explicitly foreclosed the use of habeas corpus for conditions-of-confinement claims." <u>Urdaneta v. Keeton</u>, No. CV-20-00654-PHX-SPL (JFM), 2020 WL 2319980, at *6 (D. Ariz. May 11, 2020) (citing <u>Ziglar v. Abbasi</u>, 137 S. Ct. 1843, 1862 (2017) (leaving open the question of whether alien detainees challenging "large-scale policy decisions concerning the conditions of confinement imposed . . . might be able to challenge their confinement conditions via a petition for a writ of habeas corpus"); <u>Boumediene v. Bush</u>, 553 U.S. 723, 792 (2008) (declining to determine "the reach of the writ with respect to claims of unlawful conditions of treatment or confinement"); <u>Bell v. Wolfish</u>, 441 U.S. 520, 526, n. 6 (1979) (leaving for "another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement")).

Further, "Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of federal habeas petitions '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.' " <u>Crum v. Blanckensee</u>, No. CV 20-3664-DOC (JEM), 2020 WL 3057799, at *1 (C.D. Cal. June 8, 2020) (citing Habeas Rule 1(b) (permits district courts to apply the Habeas Rules to Section 2241 habeas proceedings); <u>Lane v. Feather</u>, 584 F. App'x 843, 843

(9th Cir. 2014) (finding that "the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to [a § 2241] petition.")).  "Additionally, a federal court is obligated to consider <u>sua</u> <u>sponte</u> whether it has jurisdiction over a Section 2241 petition." <u>Id.</u> (citing <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069, 1075 (9th Cir. 2006)).

As recently addressed by another member of this Court, in a case involving a temporary restraining order sought by three inmates housed at FCI Terminal Island to require an expedited review of whether they may be released from custody, § 2241 does not allow the Court to consider whether a federal criminal prisoner can be released because of the conditions caused by the COVID-19 pandemic. <u>Wilson</u>, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *10 (C.D. Cal. June 8, 2020).  In <u>Wilson</u>, the Court collected several cases from around the country that go both ways on this issue and concluded that § 2241 does not give the District Court jurisdiction because such a claim does not address the "validity of any confinement or to particulars affecting its duration," <u>Muhammad</u>, 540 U.S. at 750. <u>Wilson</u>, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *10 (C.D. Cal. June 8, 2020).  The Court finds the reasoning in <u>Wilson</u> persuasive and provides the appropriate framework for considering the claims presented here.

Specifically, in <u>Wilson</u> the Court found that even though the Ninth Circuit has not spoken directly to the issue of whether a <u>federal</u> prisoner may seek relief regarding conditions of confinement, except for the Sixth Circuit and several other district courts outside of the Ninth Circuit, the majority of the courts have found that § 2241 does not allow for ordering the release of a prisoner arising from the COVID-19 pandemic. <u>Wilson</u>, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *10 (C.D. Cal. June 8, 2020).  Because this is true of cases where federal prisoners are seeking to be released from custody, which is closer to the § 2241 purpose of adjudicating issues that would result in the release of a petitioner, claims involving conditions of confinement are further outside of the

scope of § 2241's applicability.  Of particular note, the Sixth Circuit addressed the issue of release in the § 2241 context, yet it did not address the situation involving modifying conditions of confinement at a federal facility because the district court there found that the claims of the other inmates at the federal facility were properly brought as a civil rights action.  Wilson v. Williams, No. 20-3447, 2020 WL 3056217, at *3 (6th Cir. June 9, 2020).

One of those cases cited in Wilson, No. CV-20-4451-MWF (MRWx), 2020 WL 3053375, at *10 (C.D. Cal. June 8, 2020) is Wragg v. Ortiz, No. CV 20-5496 (RMB), --- F.Supp.3d ----, 2020 WL 2745247, at *19 (D.N.J. May 27, 2020). Wragg addressed the Supreme Court's statements that seem to allow for § 2241 relief for conditions of confinement faced by federal prisoners, and provided the following analysis as to why, even if it is a valid basis, it is a narrow one that would not apply to the COVID-19 pandemic situation:

> Certainly, Petitioners' Eighth Amendment claims [seeking to be released from federal custody because of the conditions created by the COVID-19 pandemic] sound more in the nature of the type of habeas claim the Supreme Court in Preiser hypothesized, but has yet to recognize: "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal."  The Supreme Court resurrected this idea more recently in Abbasi.  Yet, although the petitioners in Abbasi alleged they were held in tiny, empty, constantly lighted cells for over 23 hours per day without basic hygiene, and subjected to physical abuse, including broken bones, and verbal abuse, including sexual and religious insults, the Supreme Court did not find it was such a case for habeas relief "to remove the restraints making the custody illegal."  Abbasi, 137 S. Ct. at 1853.  The Court's decision is telling of just how extraordinary the case must be for habeas jurisdiction to lie before a prisoner may be released from lawful custody based on a condition of confinement.

Id. at * 19.

/ / /

/ / /

1         2.     Application

2      The fact that Petitioner does not seek to be released here under § 2241 only

3 places it more squarely within the "conditions of confinement" prohibition against

4 utilizing § 2241 to seek relief because it does not go to "validity of any confinement

5 or to particulars affecting its duration."  <u>Muhammad</u>, 540 U.S. at 750.  As

6 discussed in <u>Wragg</u>, the availability of habeas relief arising from the Supreme

7 Court's language in <u>Abbasi</u> and other cases does not appear applicable to

8 Petitioner's claim, nor has this Court been able to find a case by the Ninth Circuit

9 that answers the question in Petitioner's favor.

10      In sum, the issues regarding the disciplinary hearing set out in the pre-

11 printed § 2241 petition form and the other relief in the Mandamus Document are

12 not cognizable because they "merely challenge the conditions of a prisoner's

13 confinement."  <u>Nelson</u>, 541 U.S. at 643; <u>see</u> <u>also</u> <u>Nettles</u>, 830 F.3d at 934-35

14 (noting that expungement of disciplinary violation sought by a state prisoner was

15 not cognizable because it could only potentially affect the duration of the

16 petitioner's confinement).

17                    **III.  CONCLUSION**

18      For the reasons discussed above, the Petition and the claims asserted in

19 Petitioner's Mandamus Document are **DISMISSED WITHOUT PREJUDICE**.

20      IT IS SO ORDERED.

21

22 Dated: June 12, 2020

23                                JOHN A. KRONSTADT
                                United States District Judge

24 Presented by:

25

26

27 _____
   HONORABLE SHASHI H. KEWALRAMANI
   United States Magistrate Judge

28